# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

HOUSTON TAYLOR ECKLES                                                  PETITIONER
ADC #72794-018

V.                        No. 2:22-CV-00189-BSM-ERE

USA and DOE, Warden[1]                                                 RESPONDENTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file objections to all or part of this Recommendation. Filed objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I.    INTRODUCTION

On October 14, 2022, Houston Eckles, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus (*Doc. 1*), alleging that the Bureau of Prisons ("BOP") has

---

[1] Because Mr. Eckles is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "John P. Yates, Warden, FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, the Clerk of the Court is directed to change Respondents to "John P. Yates, Warden, FCI – Forrest City, Arkansas."

1

failed to properly apply "earned time credits" to which he is entitled under a provision of the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632(d)(4)), and that his "sentence is now incorrectly calculated . . . ." *Doc. 1 at 2*. For the reasons below the Court, on screening, recommends that the petition be dismissed, without prejudice, based on Mr. Eckles' failure to exhaust his administrative remedies.

## II.   BACKGROUND

On January 6, 2020, Mr. Eckles pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 500 grams of cocaine in the United States District Court for the Middle District of Florida. *United States v. Eckles*, No. 6:19-cr-00212-RBD-GJK, *Doc. 27* (M.D. Fla. Jan. 6, 2020). On March 25, 2020, he was sentenced to 60 months in prison, followed by four years of supervised release. *Id. at Docs. 37, 38.* According to the BOP's website,[2] Mr. Eckles' anticipated release date is May 19, 2024.

Mr. Eckles § 2241 habeas petition alleges that, if the BOP did proper calculations, he would have 681 days of time credits "off his sentence" and would be entitled to "immediate release to begin his term of supervised release . . . ."[3] *Doc.*

---

[2] *See* www.bop.gov/inmateloc/ (last accessed October 24, 2022).
[3] This request appears to confuse credits under 18 U.S.C. § 3624(b) with those available under 18 U.S.C. § 3632(d)(4)(A)(i). These are two separate and distinct forms of credit.

Under § 3624(b), the credits are "toward service of sentence for satisfactory behavior." Relief under this statute is a reduction in the sentence served. The statute permits Mr. Eckles to earn only "up to 54 days for each year," so it is impossible for him to have accumulated 681 days of credit. 18 U.S.C. § 3624(b). Mr. Eckles' five-year sentence, of which he has served half, would be eligible for a maximum of 270 days of "good time" credit.

2

*1 at 10, 13*. He also asks that United States Probation Office "apply any unused days to his term of supervised release." *Id*.

Mr. Eckles attached, as an exhibit to his petition, a copy of a BOP memo regarding FSA time credits. The memo announced the August 31, 2022 launch of a "federal time credits auto-calculation application." *Id. at 26-27*. The memo states that starting "September 6, 2022 . . . changes will be reflected to inmates' projected release dates and methods. All inmates will be reviewed, and [time credits] will be applied to inmate records consistent with the final rules language and implementing text." *Id*.

### III.   DISCUSSION

####   A.   Screening of a Habeas Petition

When considering Mr. Eckles' habeas petition, the Court may summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.

---

Under 18 U.S.C. § 3632(d)(4)(C), the credits are toward "prerelease custody or supervised release." It seems unlikely that Mr. Eckles has accumulated 681 days of time credits. He was taken into custody on March 25, 2020, which was 31 months ago. If he accumulated the maximum of 15 days per month the total would be 465 days of time credits, to date.

A federal prisoner may bring a habeas claim under § 2241 to challenge the execution of his sentence in the district where he is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002); *Leiter v. Nickrenz*, 697 F. App'x 470, 471 (8th Cir. 2017) (holding that request for restoration of good-time credits is properly brought under § 2241). However, Mr. Eckles' petition is premature because he has not exhausted his administrative remedies, which would allow the BOP to perform a new computation and assess whether Mr. Eckles' sentence should be adjusted.

### B. Earned Time Credits Under the FSA

Although Mr. Eckles asserts that he is entitled to earned time credits "off his sentence," the Court assumes that Mr. Eckles is making a claim for earned time credits under 18 U.S.C. § 3632(d)(4)(C), rather than "good time" credits, as explained in footnote three.

A federal prisoner's pre-release placement occurs at the latter stages of a sentence when he or she, if eligible, prepares for reintegration to society through custody in home confinement or a residential reentry center, also known as a community correctional facility. The FSA created an earned time credit program to assist prisoners in the reintegration process. Eligible prisoners can earn ten days of time credits for every thirty days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). 18

U.S.C. § 3632(d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(ii).

### C.     Exhaustion of Administrative Remedies

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), but its fulfillment promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the

appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

Mr. Eckles concedes that he has not exhausted (or even attempted to exhaust) his administrative remedies because "[i]n this circuit, the Court found that pursuing administrative remedies in a case of this nature would defeat the ends of justice." *Doc. 1 at 3*. Mr. Eckles provides no citation for this claim. And, the Court has been unable to find any Eighth Circuit ruling excusing a prisoner from exhaustion in this context. No exception to exhaustion applies here.[4]

Exhaustion serves a vital role in this context. Prisoners challenging their time credit computation may seek administrative review of the calculation. 28 C.F.R. §§ 542.10–542.16. The BOP is responsible for computing federal sentencing credits, and the Court reviews the BOP's sentencing computation for abuse of its discretion. *Elwell v. Fisher*, 716 F.3d 477, 486 (8th Cir. 2013). Prisoners may "seek judicial

---

[4] If Mr. Eckles was actually (or even arguably) entitled to immediate release or nearing the completion of his sentence, the Court might consider exhaustion futile. See *Banks v. Outlaw*, No. 2:12-CV-00141-SWW-BD, 2012 WL 5497900, at *1 (E.D. Ark. Oct. 17, 2012) ("The exhaustion requirement can be waived if the prisoner shows that attempting to exhaust would be futile."). With a projected release date of May 19, 2024, Mr. Eckles has time to exhaust his administrative remedies.

review of these computations after exhausting their administrative remedies . . . ." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Absent a BOP sentence computation, there is nothing for the Court to review.

According to the BOP memo Mr. Eckles attached to his petition, as of September 6, 2022, all inmates' data were being reviewed and time credits were to be applied according to recently implemented regulations. *Doc. 1 at 26-27*. If Mr. Eckles disputes the BOP's initial calculation and application of his earned time credits, he must present his claim to the BOP, and follow each step of the administrative exhaustion process, *before* seeking relief in federal court. If, after properly exhausting his administrative remedies, Mr. Eckles disputes the BOP's final decision, he may return to federal court and seek relief under § 2241.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Hunter Taylor Eckles's petition for writ of habeas corpus (*Doc. 1*) be dismissed, without prejudice.

Dated this 24th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE